UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 1:24-cr-30 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| ORLANDO WATKINS | ) | |

**MEMORANDUM & ORDER**

Before the Court is Defendant Orlando Watkins's motion to dismiss Counts Four and Five of the five-count indictment against him, which are charges for possessing a firearm as a felon in violation of 18 U.S.C. § 922(g). (Doc. 39.) Defendant argues that the statute relied on in the indictment is unconstitutional as applied to him. (*Id.* at 1–2.) The United States (the "Government") opposes the motion. (Doc. 42.)

Among other things, Defendant was indicted under 18 U.S.C. § 922(g)(1) on April 23, 2024, for being a felon in possession of a firearm on or about March 21, 2023, and July 26, 2023. (Doc. 1 at 2.) Forming the basis of Count Four, on March 21, 2023, Defendant was found in the passenger seat of a car with a fugitive whom members of the United States Marshals Service Smoky Mountain Fugitive Task Force were attempting to locate and arrest. (Doc. 42 at 1.) Law enforcement seized a loaded firearm in the floorboard of where Defendant had been sitting. (*Id.*) In addition to this loaded firearm, law enforcement seized Defendant's backpack that contained an additional loaded firearm, approximately 130 grams of powder fentanyl, and approximately 287 grams of cocaine. (*Id.* at 1–2.) Forming the basis for Count Five, on July 26, 2023, law enforcement located Defendant at his residence and arrested him on outstanding warrants. (*Id.* at 2.) Law enforcement located a loaded firearm and approximately 90 grams of marijuana in the residence. (*Id.* at 2.)

Prior to each incident, Defendant had accrued three felony convictions: attempted possession of cocaine with intent to sell or deliver, aggravated assault, and possession of heroin with the intent to distribute. (Doc. 42-1.) Defendant was serving federal supervised release at the time of the charged conduct. (*Id*. at 17.) This Court ordered that while on supervised release, Defendant could "not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon." (*Id.* at 18.)

Defendant argues his indictment should be dismissed because § 922(g)(1) is unconstitutional in that it is inconsistent with the country's historical tradition under *New York State Rifle & Pistol Assoc. v. Bruen*, 597 U.S. 1 (2022). (Doc. 39 at 1–2.) Defendant also relies on *United States v. Bullock*, 679 F. Supp. 3d 501 (S.D. Miss. 2023), *rev'd and remanded*, 123 F.4th 183 (5th Cir. 2024), to argue that the Government has not met its burden to present a historical record, most appropriately through an expert historian. (*Id*. at 2.)

The Government opposes the motion, arguing the Second Amendment allows Congress to categorically disarm dangerous groups of people so long as members of that class have an opportunity to show they are not dangerous. (Doc 42 at 3–4.) Here, the Government highlights Defendant's prior convictions of drug-trafficking offenses and aggravated assault on a police officer to argue Defendant is unable to meet his burden of proving he is not dangerous. (*Id*. at 4.) The Government further argues the Second Amendment allows Defendant to be disarmed as a condition of his supervised release. (*Id*. at 4–5 (quoting *United States v. Goins*, 118 F.4th 794, 803 (6th Cir. 2024) ("Inherent in the very nature of probation is that probationers 'do not enjoy the absolute liberty to which every citizen is entitled.'").)

The Court of Appeals for the Sixth Circuit has held that 18 U.S.C. § 922(g)(1) "is constitutional on its face and as applied to dangerous people." *United States v. Williams*, 113 F.4th

637, 662–63 (6th Cir. 2024). In determining who constitutes a dangerous person for purposes of § 922(g)(1), the Court of Appeals held as follows:

> A person convicted of a crime is "dangerous," and can thus be disarmed, if he has committed (1) a crime "against the body of another human being," including (but not limited to) murder, rape, assault, and robbery, or (2) a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary.

*Id.* at 663. Violent crimes against the body, like assault, "speak directly to whether an individual is dangerous." *Id.* at 658. Drug trafficking, while not in the same category as crimes against the person, is dangerous in two ways. First, it "is a serious offense that, in itself, poses a danger to the community." *Id.* at 659 (quoting *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010)). Second, drug trafficking "often leads to violence." *Id.* Burglary is similar in that it "is dangerous because it 'creates the possibility of a violent confrontation between the offender and occupant.'" *Id.* (quoting *Taylor v. United States*, 495 U.S. 575, 588 (1990)).

As to the procedure relevant to Defendant's motion, *Williams* clarifies that a defendant raising an as-applied challenge to § 922(g)(1) bears the burden to show he or she is not dangerous. *Id*. at 662. District courts must make "fact-specific dangerousness determinations after taking account of the unique circumstances of the individual, including details of his specific conviction." *Id*. at 663. "[W]hen considering an individual's dangerousness, courts may evaluate a defendant's entire criminal record—not just the specific felony underlying his section 922(g)(1) prosecution." *Id*. Courts may also consider any other "judicially noticeable information" that is relevant. *Id*. at 658 n.12.

At the time of the alleged conduct, Defendant already had convictions for violent offenses. Defendant had a conviction for aggravated assault, a crime against a person that "speak[s] directly to" Defendant's dangerousness. *See id.* at 658. Defendant also had drug-trafficking convictions,

3

which carry with them the inherent danger of promoting the increase of dangerous drugs in the community and the increased risk of violence involved in protecting illegal drugs. *See id.* "[M]ost of these crimes put someone's safety at risk, and thus, justify a finding of danger." *Id*. at 659. Defendant's prior convictions, as well as his supervised-release status at the time of these new charges, demonstrate that Defendant is sufficiently "dangerous" to be prosecuted under 18 U.S.C. § 922(g)(1).

The Court therefore finds § 922(g)(1) is constitutional as applied to Defendant because disarming him "is consistent with this Nation's historical tradition of firearm regulation." *See Bruen*, 597 U.S. at 17. Defendant has not shown that unique circumstances exist to suggest he is not dangerous despite his criminal record. Accordingly, the Court **DENIES** the motion to dismiss (Doc. 39). It is hereby **ORDERED** that:

(1) The trial of this matter will begin on **October 6, 2025, at 9:00 a.m.**;

(2) The final pretrial conference will be held on **September 24, 2025, at 3:30 p.m.**;

(3) The deadline for requests for jury instructions is **September 26, 2025, 2025**;

(4) The plea negotiation deadline is **September 17, 2025**. Any written plea agreement shall be executed by said date; and

(5) All motions shall be filed by **September 19, 2025**.

The parties shall be prepared to commence trial at **9:00 a.m.** on the date which has been assigned. If this case is not heard at 9:00 a.m. on the date assigned, it will be held in line pending notification from the Court. Any subpoenas previously served in this matter will remain in full force and effect for the new trial date. The parties shall be responsible for notifying their witnesses of the new trial date and this Order.

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**