UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

UNITED STATES OF AMERICA )
) Case No. 1:24-cr-30
v. )
) Judge Curtis L. Collier
ORLANDO WATKINS ) Magistrate Judge Steger
Also known as "A.G." )

**M E M O R A N D U M**

On February 24, 2026, Magistrate Judge Steger issued a Report and Recommendation ("R&R") as to Defendant Orlando Watkins's motion to suppress (Doc. 44). (Doc. 55.) Defendant timely filed two objections to the R&R, which are now before the Court. (Doc. 56.) The United States ("the Government") filed a response in opposition. (Doc. 57.)

I. **PROCEDURAL BACKGROUND**

Defendant moved to suppress his statements based upon alleged violations of his Fifth Amendment right against self-incrimination. (Doc. 44 at 1.) The motion was referred to Magistrate Judge Steger, who held a hearing on December 17, 2025. (Doc. 52.) On February 24, 2026, Magistrate Judge Steger issued an R&R on Defendant's motion, recommending it be denied based on findings that law enforcement officials "properly recited *Miranda* warnings to Defendant, and Defendant knowingly, intelligently, and voluntarily waived his *Miranda* rights." (Doc. 55 at 5.) On March 10, 2026, Defendant filed objections to the R&R arguing the Magistrate Judge erred in determining that *Miranda* warnings were administered and that Defendant knowingly and voluntarily waived those rights. (Doc. 56.) As a result, Defendant argues, the Court should sustain Defendant's objections, reject the Magistrate Judge's R&R, and grant Defendant's motion to suppress certain incriminating statements. (*See id*.)

## II.     FACTUAL BACKGROUND[1]

On March 21, 2023, members of the United States Marshals Service Smoky Mountain Fugitive Task Force, Special Agent Adam Baldwin ("Agent Baldwin") of the Bureau of Alcohol, Tobacco, Firearms and Explosives and Sergeant Steve Campbell ("Sergeant Campbell") of the Chattanooga Police, conducted an operation to arrest a fugitive. Defendant was in the passenger seat of the vehicle, whereas the fugitive was in the driver's seat. The officers detained both of them. Agent Baldwin claims he informed Defendant of his *Miranda* rights, with Sergeant Campbell as witness, and that Defendant acknowledged and understood his rights. Sergeant Cambell testified to the same. No written waiver was provided or signed.

Subsequently, the officers conducted a field interview where Defendant admitted to Agent Baldwin he was a convicted felon and that a firearm, which officers previously noticed in plain view on the floorboard of the front passenger seat in the vehicle, belonged to him. Also in the front passenger floorboard was a backpack, which revealed bags of powder-like substances. Agent Baldwin testified that Defendant admitted he owned the backpack and that it contained cocaine and fentanyl.

Defendant was arrested and charged with possession of a firearm by a convicted felon and with several drug-related crimes. Defendant now challenges whether his *Miranda* rights were properly given and seeks to suppress all statements and admissions he made afterwards.

## III.     STANDARD OF REVIEW

"A District Judge must determine *de novo* any part of a Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). After reviewing the

---

[1] Facts in this section are derived from the R&R.

2

evidence, the District Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

As to credibility of witness testimony, *de novo* review does not require the district court to rehear witnesses whose testimony has been evaluated by the magistrate judge. *See United States v. Raddatz*, 447 U.S. 667, 673–74 (1980). By conducting the evidentiary hearing, the magistrate judge has the opportunity to observe and hear the witnesses and assess their demeanor, putting them in the best position to determine witness credibility. *Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002). The magistrate judge's assessment of witnesses' testimony is entitled to deference by the district court. *United States v. Irorere*, 69 F. App'x 231, 236 (6th Cir. 2003); *Raddatz*, 447 U.S. at 676 ("Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on the magistrate's proposed findings and recommendations.") "Credibility determinations of the magistrate judge who personally listened to the testimony of a witness should be accepted by a district judge unless in his *de novo* review of the record he finds a reason to question the magistrate judge's assessment." *United States v. Robinson*, No. 1:07-CR-1, 2007 U.S. Dist. LEXIS 53290 at *3 (E.D. Tenn. July 23, 2007).

## IV.    ANALYSIS

At the evidentiary hearing, the Government offered the testimony of Agent Baldwin and Sergeant Campbell. The Defendant presented no witnesses. The Magistrate Judge found both of the Government's witnesses to be credible and made his factual finding based upon their testimony. Defendant objects to: (1) the Magistrate Judge's factual finding that Defendant was

3

advised of his Miranda rights, and (2) the Magistrate Judge's factual finding that Defendant knowingly, intelligently, and voluntarily waived his *Miranda* rights.

###### A. The R&R properly found that Defendant was provided a *Miranda* warning.

Defendant objects to the Magistrate Judge's finding that the officers advised Defendant of his *Miranda* rights.

If a statement is given without an attorney present, the Government bears the burden of demonstrating that *Miranda* warnings were properly given and "a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." *Miranda v. Ariz.*, 384 U.S. 436, 475 (1966) (citing *Escobedo* v. *Illinois*, 378 U.S. 478, 490 n.14).

In making this determination, the Magistrate Judge relied upon sworn testimony from the December 17 hearing, as no other documentation or recording exists or was provided. The Magistrate Judge found the testimony from Agent Baldwin and Sergeant Campbell "completely credible." (Doc. 55 at 4.) Conversely, the Magistrate Judge found Defendant's argument "simply not believable." (*Id*. at 3.) The R&R further notes that "Defendant introduced no evidence whatsoever, suggesting that Agent Baldwin or Sergeant Campbell falsified their testimony." (*Id*.) The Court does not second-guess the credibility determinations of the Magistrate Judge, nor does Defendant submit any evidence or reason to do so. (*See Irorere*, 69 Fed. App'x at 236; *Raddatz*, 447 U.S. at 676.)

Defendant argues that the officer's testimony alone is not sufficient for the Government to carry its burden of affirmatively proving *Miranda* warnings were given. (Doc. 56 at 3.) While acknowledging that "recordings or written waivers are not strictly required," Defendant points to

4

"the absence of any contemporaneous corroboration" as a fatal flaw. (*Id.* at 2.) He alleges that, due to the chaotic situation at the time of arrest, "it is far from clear that a complete and proper Miranda warning was administered before questioning occurred." (*Id.* at 3.) Defendant claims that accepting the testimony on its own impermissibly "effectively shifted the burden to the Defendant to disprove the warnings." (*Id.*)

The Government does bear the burden of proof regarding whether a *Miranda* warning was given. But the Government did so by soliciting sworn testimony from two officers on the scene; testimony the Magistrate Judge deemed credible. The Government thus did affirmatively present evidence. Agent Baldwin "testified that he advised the defendant of his Miranda rights." (Doc 57 at 2.) Sergeant Campbell corroborated this in his testimony that "he was present and heard Baldwin do so." (*Id.*) The Government's presentation of testimonial evidence shifted the burden to Defendant. In response, Defendant did not present any controverting evidence or impeachment to their testimony. Nor did he call any witnesses of his own to provide a counter-narrative.

Despite no documentary or objective evidence of the Miranda warnings, the Government sufficiently met its burden of demonstrating that the warnings were properly given. Therefore, Defendant's first objection is overruled.

**B.      The R&R properly found that Defendant knowingly and voluntarily waived his rights.**

Defendant objects to the Magistrate Judge's finding that Defendant made a voluntary, knowing, and intelligent waiver of his *Miranda* rights prior to making statements to law enforcement.

5

"[T]o determine the voluntariness of a statement, courts must 'evaluate the totality of the circumstances.'" *Dawson-Durgan v. Shoop*, No. 23-3610, 2024 U.S. App. LEXIS 4910, at \*4 (6th Cir. Feb. 29, 2024) (quoting *Michael v. Butts*, 59 F.4th 219, 227 (6th Cir. 2023)).  Silence does not imply a waiver.  *Miranda*, 384 U.S. at 475.  However, the privilege may be waived if the individual answers some questions or gives some information on his own.  *Id*.; *Berghuis v. Thompkins*, 560 U.S. 370, 385 (2010) ("As a general proposition, the law can presume that an individual who, with a full understanding of his or her rights, acts in a manner inconsistent with their exercise has made a deliberate choice to relinquish the protection those rights afford.")

The Court finds that the Magistrate Judge took into account the totality of the circumstances, including the safety threats and other circumstances in the field at the time.  These included the simultaneous arrest of the fugitive and presence of several known gang members in the parking lot who fled into a nearby store. Based on the context of the arrest, the Magistrate Judge found "it was reasonable for Agent Baldwin to receive a verbal waiver from Defendant." Doc. 55 at 5; *Berghuis*, 560 U.S. at 385 ("*Miranda* rights can therefore be waived through means less formal than a typical waiver . . . given the practical constraints and necessities of interrogation").  As in the first objection, due to the lack of documentary evidence, the Magistrate Judge was required to make a determination as to the credibility of the testimony from Agent Baldwin and Sergeant Campbell at the suppression hearing.  Having determined their testimony credible, the Magistrate Judge accepted their statements and found that Defendant did, in fact, understand his *Miranda* rights, but nonetheless knowingly, intelligently, and voluntarily waived those rights.

Defendant argues "no express waiver was obtained," nor evidence regarding "exact wording of the warnings given," such as whether Defendant was explicitly asked if he knew his rights and was waiving them. (Doc. 56 at 4.) But such evidence is not strictly necessary or required. The Supreme Court has held that, while "*Miranda* imposes on the police a rule that is both formalistic and practical when it prevents them from interrogating suspects without first providing them with a *Miranda* warning, it does not impose a formalistic waiver procedure that a suspect must follow to relinquish those rights." *Berghuis*, 560 U.S. at 385 (internal citation omitted). In particular, the Supreme Court has also ruled that "an express statement can constitute a waiver, and that silence alone after such warnings cannot do so. But the Court did not hold that such an express statement is indispensable to a finding of waiver." *North Carolina v. Butler*, 441 U.S. 369, 373 (1979).

Defendant was not silent. He was cooperative and repeatedly and freely answered questions from the officers. His conduct constituted an express waiver. There is no evidence of coercion, nor any other reason presented why Defendant could not, or did not, understand and then knowingly and voluntarily waive his *Mirada* rights. Similarly, there is no evidence that the "rapidly evolving arrest scene" impeded Defendant's ability to comprehend the Miranda warnings. (Doc. 56 at 4.) Nor is a recorded confirmation of waiver necessary. *See United States v. Miggins*, 302 F.3d 384, 397 (6th Cir.), *cert. denied,* 537 U.S. 1130 (2002). Therefore, Defendant's second objection is also overruled.

## V. <u>CONCLUSION</u>

The Court finds the Magistrate Judge's factual findings to be supported by the weight of the evidence and his legal analysis to be correct under the relevant law. The Court will overrule

Defendant's objections (Doc. 56), **ACCEPT** and **ADOPT** the Magistrate Judge's R&R (Doc. 55), and will **DENY** Defendant's motion to suppress (Doc. 44).

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

8